IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES A. GOOCH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:13-cv-0465 |
| | ) |
| JUDGE DAVID DEE GAY, *et al.*, | )    Judge Trauger |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff James Gooch brings this *pro se* civil rights action under 42 U.S.C. § 1983. He is proceeding *in forma pauperis* (ECF No. 2). His complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the court will dismiss the complaint for failure to state a claim upon which relief may be granted.

**I.    Factual Allegations**

The plaintiff is a convicted prisoner incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, but his claims have nothing to do with the conditions of his confinement. Rather, the plaintiff seeks to bring suit against various defendants relating to his conviction. Although he does not, in so many words, challenge his conviction or sentence, it is clear that granting the relief sought by the plaintiff in this case would call into question the validity of his conviction itself. The court takes judicial notice that the Tennessee Court of Criminal Appeals issued its opinion affirming the conviction of James Gooch on one count of selling not less than one-half ounce of marijuana, a Schedule VI controlled substance, within 1,000 feet of a school, and one count of attempted sale of .5 grams or more of cocaine, a Schedule II controlled substance. *State v. Gooch*, No. M2011–01135–CCA–R3–CD, 2012 WL 4358195 (Tenn. Ct. Crim. App. Sept. 25, 2012). There is no information in this court's record regarding whether the plaintiff sought discretionary review by the Tennessee Supreme Court, or whether he is pursuing post-conviction relief in the state court.

The plaintiff alleges that defendants Kyle Erwin, Joe Russell and "Inv." Williams, all police officers assigned to the Sumner County Drug Task Force, violated his Fourth Amendment rights by conducting an illegal search and seizure that led to the plaintiff's arrest and conviction on drug charges in 2009, using a

confidential informant and an allegedly illegally placed listening device. The plaintiff further seems to be alleging that these defendants presented false testimony against him either before the grand jury or at trial.

The plaintiff sues Judge Dee David Gay (sued as "David Dee Gay"), Criminal Court Judge for Sumner County, Tennessee, on the basis that he presided over the plaintiff's criminal trial in January 2011; he allowed the prosecution to secure an indictment based upon perjured grand-jury testimony; and he allowed falsified evidence to be admitted at the plaintiff's criminal trial. The plaintiff also alleges that Judge Gay prosecuted him in a prior case before Judge Wheatcraft, when Judge Gay was still a state prosecutor, and that this prior history constitutes a conflict of interest as a result of which Judge Gay should have recused himself from presiding over the plaintiff's criminal trial. The plaintiff asserts that Judge Gay's acts violated his clearly established constitutional rights by depriving him of a fair and impartial jury trial, subjecting him to cruel and unusual punishment and malicious prosecution, and depriving him of due process and equal protection. The plaintiff further asserts that Judge Gay deprived him of the right to a fair and impartial trial by a jury of his peers, in violation of his constitutional rights, insofar as the juror pool from which the plaintiff's jury was selected consisted entirely of white people. The plaintiff is African American. He does not argue that the prosecutor improperly struck black potential jurors from the pool, but that "[t]he courts used a method of discrimination to select a jury pool . . . which failed to provide any African Americans in the jury pool." (ECF No. 1, at 7.)

The plaintiff sues District Attorney Lawrence Ray Whitley and assistant district attorney Joe James for engaging in prosecutorial misconduct and malicious prosecution, acting in collusion with Judge Gay and other defendants to deprive him of the opportunity to challenge and cross-examine witnesses on the amount of drugs involved in the drug charges against the plaintiff, permitting perjured testimony to be used against him at trial, and generally depriving him of the right to present a defense.

The plaintiff sues attorney Kenneth J. Phillips, his defense attorney, purportedly under 42 U.S.C. §§ 1981, 1983, and 1988, for malpractice and ineffective assistance of counsel, based on the attorney's failure to obtain a "bill of particulars," and failure to file a motion to suppress evidence or to "quash" the all-white jury, among other asserted omissions.

The plaintiff sues the grand jury foreperson, Don Franklin, individually and in his official capacity, "for acts of omission due to the falsifying and fraudulent presentment of the returned indictment and true bill"

based on "perjury and libel." (ECF No. 1, at 7–8.) The plaintiff asserts the jury foreperson "should have dismissed the indictment for causes that the leading detective was the arresting officer and fired for official misconduct with an informant. This detective also testified before the grand jury . . . . His testimony could have been false." (ECF No. 1, at 8.)

The plaintiff appears to allege that all defendants conspired with each other to secure the plaintiff's conviction at the expense of his constitutional rights. The plaintiff sues all defendants in both their individual and official capacity, and he seeks compensatory and punitive damages, as well as nominal and special damages, and unspecified injunctive relief.

**II.  Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

**III.  Discussion**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2)

caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted.

As noted above, the court observes that, although the plaintiff has framed his complaint against defendants as a § 1983 action, the essence of his claim is an attack on the validity of his convictions. The proper method for challenging a state conviction is a petition for a writ of habeas corpus, with its accompanying exhaustion requirement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus."). Section 1983 is not a permissible alternative to the traditional remedy of habeas corpus. *Id.* Thus, to the extent the plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus rather than a civil rights action under § 1983. This court does not have the discretion to construe the complaint as a habeas corpus petition, however, particularly when, as here, the court has no information regarding whether the plaintiff has exhausted his remedies in the state courts, as required by 28 U.S.C. § 2254(b). *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999) ("When a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits."). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Pischke*, 178 F.3d at 500.

In addition, the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), clearly directs a federal district court to dismiss a civil rights complaint that raises claims attacking the validity of a conviction. In that regard, claims under the Fourth Amendment for malicious prosecution do not accrue until the underlying criminal proceedings terminate in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 484, 489–90 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination

of the prior criminal proceeding in favor of the accused"). In addition, the *Heck* doctrine prohibits consideration of any § 1983 claim that, if successful, would necessarily imply the invalidity of the previous conviction or sentence, unless the conviction has been set aside. Specifically, the Supreme Court explained:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87 (1984).

In the instant case, awarding the plaintiff relief on his allegations, all of which relate to the convictions for which he is currently serving a prison sentence, would necessarily undermine the validity of his current convictions and imprisonment. Consequently, relief is barred by *Heck*. Claims that are barred by *Heck* are subject to dismissal under § 1915(e)(2) and § 1915A for failure to state a claim. *See, e.g.*, *Morris v. Cason*, No. 02–2460, 2004 WL 1326066 (6th Cir. June 10, 2004).

Further, however, the claims against Judge Gay, District Attorney Lawrence Ray Whitley, assistant district attorney Joe James, and jury foreperson Don Franklin are subject to dismissal on the alternative ground of immunity. Specifically, Judge Gay is entitled to absolute judicial immunity from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (*citing Mireles*, 502 U.S. at 9). Likewise, defendants James and Whitley are entitled either to sovereign immunity or prosecutorial immunity, depending upon the capacity in which they are sued.

Insofar as the suit is against them in their official capacity, because the district attorney and assistant district attorney are state officials, an official-capacity claim against them is, in reality, a claim against the state. *See Hafer v. Melo*, 502 U.S. 21, 25, (1991) (suits against state officials in their official capacities "should be treated as suits against the State"); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity [the official represents]."). Consequently, the official-capacity suit for damages against James and Whitley is barred by the Eleventh

Amendment. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (noting that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments").[1]

The individual capacity claims against Whitley and James are barred by common-law principles of absolute prosecutorial immunity, insofar as the acts for which the attorneys are sued fall within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (holding that prosecutorial immunity encompasses immunity from § 1983 claims). Moreover, such immunity applies even where the plaintiff alleges that the prosecutor has acted with malice or dishonesty, *id.* at 427, or that the prosecutor knowingly presented false testimony at trial, *id.* at 431 n.34. Prosecutors have absolute immunity for appearances at probable cause and grand jury hearings; evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings; and preparation of witnesses for trial. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The only exception to absolute immunity is that ,"when a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, (1993) (quoting Imbler, 424 U.S. at 431 n.33). In this case, the plaintiff appears to allege that prosecutors engaged in prosecutorial misconduct and "malicious prosecution" when they knowingly presented false or perjured testimony to the grand jury and at trial, and generally acted to impede the plaintiff's presentation of his criminal defense. These actions clearly fell within the scope of the defendants' prosecutorial duties. James and Whitley are therefore entitled to absolute prosecutorial immunity in relation to such claims.

Jury foreperson Franklin is also absolutely immune from suit. Applicable law provides that the absolute immunity that applies to judges also applies to "grand jurors . . . in carrying out their official duties." *Doe v. Boland*, 630 F.3d 491, 498 (6th Cir. 2011). Further, the Supreme Court has noted that the immunity of grand jurors is a common-law tenet that is "almost equally [as] venerable" as that of judicial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976). Here, there is no question that the plaintiff's claim against Franklin arises out of Franklin's performance of his official duties as the foreperson of the Grand Jury. He has absolute

---

[1] The plaintiff does not seek prospective injunctive relief from these defendants, so the exception established by the Supreme Court in in *Ex parte Young*, 209 U.S. 123 (1908), allowing actions against state officials sued in their official capacity for prospective injunctive or declaratory relief, does not apply.

immunity in performing this task, and the plaintiff's claim against him therefore fails as a matter of law.

Finally, the plaintiff simply fails to state a claim under § 1983 against his defense counsel, Kenneth Phillips. Attorneys performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *Briscoe v. Lahue*, 460 U.S. 325, 329 n. 6 (1983); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001).

## IV.    CONCLUSION

For the reasons set forth herein, a separate order will enter dismissing this action for failure to state a claim for which relief may be granted.

Aleta A. Trauger
United States District Judge